UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARL COOPER,                        )
                                    )
            Petitioner,             )
                                    )        CAUSE NO. 3:17-CV-419-JD-MGG
      vs.                           )
                                    )
SUPERINTENDENT,                     )
                                    )
            Respondent.             )

OPINION AND ORDER

Carl Cooper, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging an unidentified prison disciplinary proceeding. ECF 1. Cooper alleges that, as the result of this disciplinary proceeding, he was demoted to Credit Class 2. He claims the Indiana Department of Correction (IDOC) improperly continued his classification in Credit Class 2 when he was entitled to placement in Credit Class 1. ECF 1 at 1. According to Cooper, his demotion to Credit Class 2 should have ended May 17, 2017, and he should now be restored to Credit Class 1. *Id.* Since filing his petition, Cooper has been released from prison on parole. ECF 3.

Cooper has not provided the court with sufficient information to proceed with his habeas claim. While prisoners may challenge their disciplinary sanctions in a habeas corpus proceeding, Cooper has not identified a challenge to any particular disciplinary hearing or disciplinary sanction. Rather, he challenges IDOC's failure to instantly restore his credit classification in the six days that elapsed between the time he believed his classification should have changed and the date he mailed this petition. Without additional information, it is impossible for this court to determine whether Cooper may be entitled to habeas relief.

Furthermore, even if Cooper had identified a specific disciplinary sanction, he could not proceed with this petition because he has failed to exhaust his administrative remedies. Cooper admits that he has not presented his claim to the Final Reviewing Authority. ECF 1 at 1. He must do so before he can pursue his claim in federal court. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Because Cooper concedes that he did not present his claim to the Final Reviewing Authority, it is unexhausted.

Since Cooper's claim is unexhausted, the petition will be dismissed. Because the dismissal is without prejudice, when (or if he has already) appealed to and been denied by the Final Reviewing Authority, he may file a new habeas corpus petition challenging this disciplinary hearing. At that time, he needs to also attach a copy of the denial letter from the Final Reviewing Authority and he must identify the disciplinary case in which the sanction was imposed.

For these reasons, the court **DISMISSES** the petition without prejudice.

**SO ORDERED**.

ENTERED: September 6, 2017

        /s/ JON E. DEGUILIO
Judge
United States District Court